THE MICHAELSON LAW FIRM
Proposed Attorneys for the Debtor
11 Broadway
Suite 615
New York, New York 10004
(212) 604-0685
Robert N. Michaelson, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

      Elsa Bet Café, Inc.                        Chapter 11

                                           Case No. _____

             Debtor.

-----------------------------------------------------------X

## AFFIDAVIT OF INDALKACHU GERSHON ZVADIA PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 AND 11 U.S.C. §1116

GARY GERSHON ZVADIA, being duly sworn, deposes and says:

1.      I an owner of 50% of the common stock of Elsa Bet Café, Inc. (the "Debtor"), and I submit this affidavit pursuant to Rule 1007-2, 9077-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and §1116 of title 11 of the United States Code, 11 U.S.C.§§101, et seq. (the "Bankruptcy Code").

## BACKGROUND

2.      The Debtor was formed in 2010, by two individuals, Indalkachu Gershon Zvadia and Rahel Beyene, who each hold 50% of the Debtor's common stock. The Debtor's sole business is the operation of a restaurant specializing in Ethiopian cuisine with a place of business at 1270 Amsterdam Avenue, New York, New York 10027.

3.     The Debtor has suffered from lower than anticipated revenue that has prevented it from meeting its operating expenses.  This problem has been exacerbated by the lack of a liquor license, a general manager who has not adequately performed her duties and larger than expected startup costs.

4.     The Debtor's inability to generate sufficient revenue to meet its expenses caused it to fall behind in its rent obligations which in turn caused its landlord, Amsterdam Avenue Investor LLC, to commence eviction proceedings in the Civil Court of the City of New York on September 20, 2010.

5.     The Debtor anticipates that it will soon obtain a liquor license which should result in increased revenue.  It is also in the process of negotiation with the operator of a renowned and successful Ethiopian restaurant in Washington, D.C. to take over the management of the Debtor's business and, possibly, provide post-petition financing.  The Debtor is confident that these measures will enable to become profitable and pay its creditors, in particular the landlord.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

6.     In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

### Local Rule 1007-2(a)(1)

7.     The Debtor is located at 1270 Amsterdam Avenue, New York, New York and operates a restaurant specializing in Ethiopian cuisine.

**Local Rule 1007-2(a)(2)**

8.      This case was not originally commenced under Chapter 7 or 13 of title 11 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

9.      Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

10.      A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as Exhibit "A".

**Local Rule 1007-2(a)(5)**

11.      The Debtor does not have any secured creditors.

**Local Rule 1007-2(a)(6)**

13.      The Debtor has not prepared a balance sheet.

**Local Rule 1007-2(a)(7)**

14.      There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

15.     None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

16.     The Debtor operates its business from its premises located at 1270 Amsterdam Avenue New York, New York which is leased from Amsterdam Avenue Investor LLC.

**Local Rule 1007-2(a)(10)**

17.     The Debtor's assets and books and records are located at its premises located at 1270 Amsterdam Avenue, New York, New York.

**Local Rule 1007-2(a)(11)**

18.     The Debtor is a defendant in an action commenced by its landlord, Amsterdam Avenue Investor LLC, for non-payment of rent.

**Local Rule 1007-2(a)(12)**

19.     The Debtor's management consists of Gary Gershon Zvadia and Rahel Beyene, each a 50% shareholder.

**Local Rule 1007-2(b)(1) and (2)**

20.     The Debtor's estimated weekly payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the Chapter 11 petition is $3,150.

21.     The Debtor's estimated weekly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $ -0-.

**Local Rule 1007-2(b)(3)**

22.     For the thirty (30) day period following the filing of the Chapter 11 petition the Debtor anticipates gross revenue of approximately $20,000 and expenses, other than professional fees, of approximately $36,850 thereby resulting in an anticipated operating loss of approximately $16,850.

**INFORMATION REQUIRED BY BANKRUPTCY CODE § 1116(1)(A)**

23.     The Debtor has not prepared a balance sheet.

24.     The Debtor has not prepared any profit and loss statements.

25.     The Debtor has not prepared any cash-flow statements.

26.     The Debtor was formed in 2010 and had not yet filed any tax returns.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 7, 2010

                                        */s/* Indalkachu *Gershon Zvadia*
                                        Indalkachu Gershon Zvadia